



# UNITED STATES DISTRICT COURT
## SIXTH JUDICIAL CIRCUIT
### EASTERN DISTRICT OF MICHIGAN

Case:2:13-cv-14024
Judge: Drain, Gershwin A.
MJ: Majzoub, Mona K.
Filed: 09-19-2013 At 04:04 PM
PRIS BUFFMAN V TERRIS, ET AL (EB)

**EMMETT BUFFMAN**

**REGISTER NO. 19368-424**

**FCI MILAN, P.O. BOX 1000, MILAN, MI  48160,**

**Plaintiff,**

**vs.**

**UNITED STATES OF AMERICA;**
**J.A. TERRIS, WARDEN:**
**MR. ZESTO: RESTITUTO POMALOY:**
**STEPHEN GIDAL. WILLIAM MALATINSKY,**
**CLINICAL DIRECTOR,**

Case No: __**TBD**_____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

_____    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

__X__    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

__X__    **OTHER** (cite statute, if known)  **FEDERAL TORT CLAIMS ACT (FTCA)**

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

A.   Defendant:   UNITED STATES OF AMERICA

   Title:   UNITED STATES GOVERNMENT

   Place of Employment:   UNITED STATES OF AMERICA

B.   Defendant:   J.A. TERRIS

   Title:   WARDEN

   Place of Employment:   FCI MILAN, PO BOX 1000, MILAN, MI 48160

C.   Defendant:   MR. ZESTO

   Title:   HEALTH SERVICES ADMINISTRATOR

   Place of Employment:   FCI MILAN, PO BOX 1000, MILAN, MI 48160

D.   Defendant:   RESTITUTO POMALOY

   Title:   MEDICAL LICENSED PRACTITIONER (MLP)

   Place of Employment:   FCI MILAN, PO BOX 1000, MILAN, MI 48160

E.   Defendant:   STEPHEN GIDAL

   Title:   MEDICAL LICENSED PRACTITIONER (MLP)

   Place of Employment:   FCI MILAN, PO BOX 1000, MILAN, MI 48160

F.   Defendant:   WILLIAM MALATINSKY

   Title:   CLINICAL DIRECTOR

   Place of Employment:   FCI MILAN, PO BOX 1000, MILAN, MI 48160

2                                                        Revised 9/2007

III.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

NONE

A.  Name of case and docket number: _____

_____

B.  Approximate date of filing lawsuit: _____

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.  List all defendants: _____

_____

_____

_____

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.  Name of judge to whom case was assigned: _____

_____

G.  Basic claim made: _____

_____

_____

H.  Disposition of this case (for example:  Was the case dismissed?  Was it appealed? Is it still pending?): _____

_____

_____

I.  Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

## ARGUMENT

Now Comes, Plaintiff, Emmett Buffman, Pro-Se, in this complaint under 28 USC § 1331 ("Bivens" Action), and Federal Tort Claim (28 C.F.R., Part 14, Administrative Claims Under Federal Tort Claims Act.  This is brought against the Defendants for Negligence, Abuse of Process, Acts Errors, Omissions, Deliberate Indifference, and Condoning or Acquiescing to other federal employees (or each other) from doing the above cited Tort's.

## PROCEDURAL HISTORY AND FACTS

### STANDARD

Plaintiff files these two grounds as he has exhausted his FTCA Administrative Remedy Process, with a denial under 28 C.F.R. § 14.9, Final Denial of Claim.

Plaintiff files the Claim for Complaint Under The Constitution (Bivens) under 28 U.S.C. § 1331.  Plaintiff is not able to file an Administrative Remedy process, as it would be totally pointless to request a remedy from the institution

4

Revised 9/2007

that almost caused his death, a Regional Director who is always and forever known for siding with the HSD Staff in any of the institutions under his oversight, or a Central Office Administrative Remedy Coordinator who will fall in line directly behind the Regional Office's decision, which will back up any and all plays or decisions that the instution chooses to respond with.  This Plaintiff believes the Administrative Remedy Process to be of no value as it deprives inmates in the federal prison system of due process rights.  This Administrative Remedy program is governed by the Prison Litigation Reform Act (PLRA), and whether it is known to the Congress, the function of the Administrative Remedy Process (BP 8, BP 9, BP 10, & BP 11) is nothing more than a process custom built to deprive inmates in federal custody of their due process rights.  When this PLRA was put into effect, Congress was attempting to limit the number of inmate law suits in general.  While the United States has 10% of the worlds population it also has 25% of the worlds incarcerated population.  That number shows the disparity from our justice system in the USA versus other nations (even in communist China).  Needless to say the PLRA is depriving this inmate of the ability to file a Bivens Action simultaneously along with this FTCA Claim.

The question for this court is; when Mr. Pomaloy and Mr.

5

Gidal showed deliberate indifference, negligence, Abuse of Process,
Acts, Errors, Ommissions, and any other items shown through
these claims, were they acting within the scope or outside
of the scope of their employment?  This is a valid and
demonstrative question for this Honorable Court to decide
upon.  Because, IF this Honorable Court finds that these
employees acted with deliberate indifference, negligence,
Abuse of Process, Acts, Errors, Omissions, and other tort
violations which were intentional (Intentional Torts), outside
of the scope of their employment THEN this court would find
that a BIVENS action would possibly work the best for this
Plaintiff.  However, if this Honorable Court finds that these
employees, Pomaloy and Gidal acted in the course of their
employement when they acted with deliberate indifference,
negligence, Abuse of Process, Acts, Errors, Ommissions, and
any other type of intentional tort committed, while in the
course of their employment would then be found to be a
covered issue under 28 CFR § 14 (FTCA).  This question is
one that only this Honorable Court can decide upon.

Should this court decide that there was action of intentional
torts when these defendants were acting outside of the scope
of their employement, then the court would have to choose
to allow this Plaintiff to continue on without undergoing
a Administrative Remedy Process that is in direct violation
of a Constitutional Right to due process.

Should this court decide that there was action of intentional

torts when these defendants were acting within the course
and/or scope of their employment, then the court would have
to choose to allow the continuance by Plaintiff to move forward
with this FTCA Claim.

## RECENT RULING ELIMINATING "SOVEREIGN IMMUNITY" FOR PRISON OFFICIALS WHEN THEY VIOLATE ONE OF SIX TORT'S WHEN THE PRISON OFFICIAL IS NOT IN THE PROCESS OF ARREST, SEARCH, AND SEIZURE

Plaintiff was not under arrest, was not being searched,
nor was he having anything seized from him when he continued
to go to the FCI Milan HSD (Health Services Department) to
get care for a serious, medically necessary, acute or emergent
staph infection.  Plaintiff was the victim of intentional torts
committed by Mr. Pomaloy and Mr. Gidal, who are under the direction
of Dr. Malatinsky and Administrator Zesto at all times.  This
Abuse of Process is egregious in nature, and caused severe
harm to Plaintiff.  This harm was (and still is) ongoing pain,
which includes but is not limited to; mental anguish, prior
under arm pain which was intense in nature, prior groinal area
pain which was intense in nature, unnecessary  lancing of the
groinal area by Gidal which was done incorrectly as the area
became increasingly infected.  The abuse of process is simply
the failure to follow medical industry practice norms and have
these areas evacuated of any and all toxins, as soon as they
are discovered.  This was not done.

By failing to follow industry practice norms, as well
as the BOP Program Statement regarding PATIENT CARE (PS 6031.03),

7

which transcends the limits of professional liability and goes to show, and prove with facts and evidence, that the acts, errors, omissions, negligence, Abuse of Process, and obvious personal animus displayed by the Abuse of Power on the part of Mr. Pomaloy directly places these acts of intentional torts in a position where a reasonable jury could find in favor of the Plaintiff.

Due to these intentional torts on committed by HSD Staff members (whether in or out of the course of their employment is a decision to be made by this court) Plaintiff suffered great harm, and thankfully he was not put into a coma, or put to death as a result of HSD Staff's gross negligence. The case that allows these actions to be brought up in a claim is <u>Millbrook v. United States</u>, which is what opened the door for federal prisoners who have been treated poorly, and can prove with facts and evidence the intentional torts were actually committed by BOP Staf (HSD Staff).

If one (or more) of the six torts are committed intentionally by the FBOP Staff, and they are not in the process or arrest, search, and seizure; AND they Abuse a Process (or any other of the 6 intentional torts) the United States and individual employees are no longer to enjoy "sovereign immunity." (See <u>Millbrook v. United States</u>, 596 U.S. _____, 133 S. Ct. _____, 185 L.Ed.2d 531, 2013 U.S. LEXIS 2543). Therefore, the FTCA must include Groud 1, violation of Abuse of Process.

8

## MR. POMALOY AND MR. GIDAL ARE FEDERAL
## LAW ENFORCEMENT OFFICERS

Federal Bureau of Prisons employees inside a federal prison institution are therefore law enforcement officers as they have to enforce the institutional rules and regulations, irrespective of their department.  Mr. Pomaloy and Mr. Gidal have security and correctional training to be able to work at BOP, FCI Milan, therefore <u>Millbrook</u> absolutely applies in this case.

## SOVEREIGN IMMUNITY WAIVER IS NO LONGER APPLICABLE

Interestingly worded, the "Exception To The Exception" regarding "Sovereign Immunity" in **Millbrook** is in play in this case at bar.  "Sovereign Immunity" no longer applies due to the multiple intentional torts committed by FCI Milan HSD Staff and their superiors who allowed them to act in this way through condoning behavior or acquiescing to the intentional tort behavior.  A reasonable jury could find in favor of Plaintiff on these points outlined above, and find that Mr. Pomaloy, Mr. Gidal, and the United States of America all have been disallowed "Sovereign Immunity."

## AGGRAVATED DAMAGES

Plaintiff was a victim of intentional torts, which caused him great pain, intense pain, and humiliation and anxiety which is still ongoing to this day.  The series of excruciatingly painful occurences (mental and physical) which were aggravated by negligence, acts, errors, omissions, Abuse of Process, and any other intentional torts applicable by Mr. Pomaloy and Mr. Gidal must be atoned for.  This practice of intentional torts

9

caused furtherance of a staph infection, mental anguish, and ongoing current anxiety toward dealing with HSD Staff at FCI Milan or any BOP facility.  The furtherance of the intentional torts caused the infection which ran through the Plaintiff's veins like poison to eventually require EMERGENCY SURGERY FOR A CRITICAL PATIENT.

During the initial visit with Pomaloy on 2/13/2013, the Plaintiff kept telling him (Pomaloy) that the two (2) boils on his body were extremely painful.  Plaintiff showed Pomaloy the groinal boil that was oozing pus and blood.  Pomaloy treated the Plaintiff with personal animus, and chose to send the Plaintiff to the optometrist rather than assist him with his serious medical condition which was "Medically Necessary - Acute or Emergent."  (PS 6031.03).  Therefore, this is a clear case of multiple intentional torts inclusive of Abuse of Process as Pomaloy and Gidal failed to treat a medically necessary issue which was Acute or Emergent.  (PS 6031.03).

## MILLBROOK AND THE ELIMINATION OF
## THE LAW ENFORCEMENT PROVISO

As the Abuse of Process, as well as other intentional torts in this case were deomonstrative.  The proviso is not going to be applicable here.  Elimination of the Law Enforcement Proviso makes the United States and these BOP employees and their supervisors and superiors culpable.  Pomaloy and Gidal were in the scope of their employment potentially when they performed their intentional torts of acts, errors, omissions,

missed diagnosis, condoning, and acquiescing to these intentional torts as well.  Therefore, immunity of any kind does not apply to the USA or the BOP employees (including USPHS [United States Public Health Service]) or any government (United States) employee of any definition.

According to **Millbrook**'s syllabus from 3/27/2013, The Supreme Court states, "This confirms that congress intended immunity determinations to depend on a federal officer's legal authority, not on a particular exercise of that authority." Also it goes on to state, "Nor does the proviso indicate that a waiver of immunity requires the officer to be engaged in investigation or law enforcement activity."  See Millbrook syllabus.  Had Congress intended to further narrow the waiver's scope, it could have used language to that effect.  See Ali v. FBOP, 552 U.S. 214, 227, 128 S.Ct. 831, 169, L.Ed.2d. 680, Pp._____-_____, 185 L.Ed.2d at 537-539.

Due to these intentional torts by Pomaloy, Gidal, their supervisors or superiors, the Plaintiff was harmed.  These intentional torts are a regular occurrence within the culture of the Federal Bureau of Prisons, along with the ridiculous barring of Due Process of the Administrative Remedy Process, and Millbrook is the first case to bring about change for federal prisoners who are subjected to these types of intentional torts. In the case that now brings the exception to the sovereign immunity exception (**MILLBROOK**) it was a sad state of affairs that one federal inmate was treated so poorly, however, the

Pomaloy's failure to treat these conditions was an Abuse of
Process (PS 6031.03), deliberate indifference, and the comitting
of acts, errors, omissions, and negligence by a Federal Law
Enforcement Official.

Gidal's failure to treat properly, clean thoroughly, and/or
eliminate toxins properly, or especially to defer to a proper
medical facility if he was unable to accomplish the task at
hand is a further display of Abuse of Process (PS 6031.03),
negligence, deliberate indifference, and the  comittment of
acts, errors, and omissions by a law  enforcement official.

The HSD's failure to provide Plaintiff with all records from
St. Joseph Mercy in Ann Arbor, Michigan is a furtherance of
the Abuse of Process, committment of Acts, Errors, omissions,
and another showing of deliberate indifference including negligence
to Plaintiff's serious acute and emergent medical needs.  (PS
6031.03).

As recently as 4/25/2013 Plaintiff was on a call out to see
HSD for chronic care.  Upon arrival he was called by Mr. Pomaloy
to come into HSD and meet with Mr. Pomaloy.  Plaintiff asked,
very respectfully, if he could see someone else in HSD for his
chronic care appointment.  Mr. Pomaloy became enraged and yelled
at Plaintiff through the plexiglass window at the HSD Intake
area, "So, you refuse!!"  Mr. Pomaloy input refusal into the
computerized system, even though Plaintiff wished to see someone
other than Pomaloy.  Plaintiff's severe anxiety about seeing
Pomaloy persists to this day.

12

**Millbrook** proves the needs of the many federal inmates are partially met with a legal remedy brought on by this Supreme Court decision, and a finding in favor of the Plaintiff could be derived by a reasonable jury based on all the facts, evidence, and case law.

With the findings in the **Millbrook** Supreme Court decision, Bureau of Prison employees are now going to be responsible for their actions.

### ACTS, ERRORS, OMISSIONS, NEGLIGENCE, AND ABUSE OF PROGRAM STATEMENT & PROFESSIONAL STANDARDS PROCESS WILL NO LONGER PROVIDE SOVEREIGN IMMUNITY FOR THE UNITED STATES, POMALOY, OR GIDAL

The following examples are points that prove, with facts and evidence that these intentional torts are egregious and serious.  To deprive an federal inmate, who is a U.S. Citizen the right to medical treatment while causing such great harm is a violation of those civil and constitutional rights.  These are outlined as such:

Mr. Pomaloy failed to treat the boils in any way when Plaintiff brought them to his attention at sick call on 2/13/2013.

Mr. Gidal failed to complete a cleaning of the groinal wound which disallowed toxin elimination; Gidal also failed to even look at the boil which was in the Plaintiff's left under arm area.

Gidal condoned, and acquiesced to Pomaloy's care, which was committing acts, errors, and omissions as well as Abuse of Process which are all violations shown clearly in Millbrook.

13

It is obvious that this mistreatment by MLP Pomaloy and
Gidal have caused this issue to exacerbate.  Mr. Pomaloy knew
why Plaintiff was refusing to see him and was neither understanding
or compassionate.  Mr. Pomaloy treated Plaintiff with disrespect
at the HSD Sick Call window by yelling at him, which goes against
the Director (Saunders) directive and mandate.  This showing
of extreme anger and personal animus toward Plaintiff was yet
another intentional tort which may even be part of the aggravated
portion of this claim.

Plaintiff cannot be held responsible for not seeing MLP
Pomaloy, who shows extreme negligence, abuses processes so readily,
commits acts, errors, and omissions regularly, and as a result
this creates deliberate indifference as part of Pomaloy's job
description.

Should there be any manual within the BOP or USPHS directing
a MLP to treat a patient in this way, it should be brought forth
in discovery.  Discovery cannot be a limited one in scope, and
must provide all the documents that are requested of the government.
The documents will be a issue potentially, which is why Plaintiff
is bringing it up in this complaint, to make the court aware
of the government's ongoing strategy in situations like this
one, especially with prisoners in a federal institution.

## STATEMENT OF FACTS

Plaintiff, Emmett Buffman, went to the FCI Milan Health
Services Department (HSD) on February 13, 2013, to receive
assistance for a set of boils which were growing under his
arem and in a groinal area.  At this 2/13/2013 visit Plaintiff
was seen by MLP Pomaloy within the HSD.  Plaintiff complained
of a boil under the left arm (in the under arm area), and one
boil in the qroinal area, which had been emitting blood and
pus from it.  When Pomaloy saw a small white head on Plaintiff's
right eye, which Plaintiff stated was a result of the infection
that caused all of the issues to begin with, Pomaloy chose
not to deal with any of the Plaintiff's infectous issues.
Instead, Pomaloy decided to "pawn Plaintiff off" on the visiting
optometrist who was in attendance on that day at FCI Milan's
HSD.  The optometrist took an eye exam, and gave the Plaintiff
some antibiotic eye drops for a white head on the eye lid of
the Plaintiff.  Upon Plaintiff being completed with the eye
doctor he was sent back to Pomaloy.  Regardless of the complaint
about the two boils, Pomaloy sent Plaintiff back to his housing
unit.  Plaintiff's boils persisted, oozed pus constantly, and
were extremely painful.  The pain from the boils prevented
Plaintiff from getting restful sleep, and caused anxiety as
other symptoms arose.  Three days later the HSD Staff had closed
the office due to some holiday (not federal), staff meeting,
or party.  Plaintiff's pain persisted at a level 8 (eight)
on a regular basis, getting worse when the area was touched

15

in any way or had any pressure applied to it from resting on it during sleep attempts.

On February 20, 2013, Plaintiff saw MLP Gidal at HSD with the same exact persisting issues.  Pus and blood were draining continuously from the groinal site, and the under arm site was merely swollen, getting larger, and was so painful that Plaintiff blacked out occasionally from the pain.  MLP Gidal attempted to lance the area in the groinal area.  MLP Gidal chose to leave the boil in the under arm site **alone,** thus condoning and acquiescing to Pomaloy's negligence which made Gidal's own acts, errors, omissions, negligence, abuse of process, and any other intentional torts much more pronounced and easy to see or extrapolate.  MLP Gidal was unable to get the toxins out of Plaintiff's groinal area, and the "core" was so hard that nothing came out.  MLP Gidal sent Plaintiff back to his unit with no further action, no second opinion, and no offer to get Plaintiff the professional help that was required to remedy this serious medical condition.

On February 21, 2013 Plaintiff saw MLP Gidal again, and he was unable to get the "core" out of the groinal area, again, and the boil under the left arm site was **still ignored.**  Ignoring this issue was an overt act, error, omission, abuse of process, negligence, and deliberate indifference.  This could be multiple other intentional torts as well, and this pleading must be viewed liberally as Plaintiff is not an attorney, and has absolutely no training in the law.  Plaintiff's pain was intense and extreme and was elevated to a level 9 on a scale of 10.

February 22, 2013 was a day that had the Plaintiff helpless.
Inmate James Stewart approached Plaintiff as he was unresponsive
and extremely lethargic in his bed.  Inmate James Stewart got
the case manager of Unit B2 at FCI Milan to see the shape that
the Plaintiff was in, and that case manager called health services
immediately.  The call was made due to the pale color of Plaintiff's
skin, the pattern of speech he was displaying, and his failure
to respond to certain questions.  Plaintiff was so weak that
his balance and equilibrium were thrown totally off, it was obvious
to Plaintiff that some kind of infection was coursing through
his veins with no antibiotics prescribed from HSD Staff at all
over a 9 (nine) day period.  Plaintiff made his way very slowly
to HSD as he was scared of falling down.  At the time he did
not have the presence of mind to ask the case manager for assistance
to travel to HSD, he was clouded mentally due to the toxins coursing
through his veins and brain.  His slow walk was also coupled with
a fear that he would be discarded, again, by the substandard
staff at the HSD of FCI Milan.

The day prior to February 22, 2013 (on February 21, 2013)
Mr. Gidal put a note in the computer system taht there were "copios
amounts of pus continue to be expressed from these 2 sites."
**Nothing** was "expressed" from Plaintiff's under arm site, and
Pomaloy previously chose to ignore both sites and seemed to enjoy
stating, "Nothing can be done until you see the eye doctor."
Pomaloy had a "sing song" tone of voice when he stated this to

17

the Plaintiff.  This tone of voice, ignoring Plaintiff's complaints after he returned from the eye doctor are evidence of a furtherance of **personal animus** toward this patient, who happens to be a federal inmate and a U.S. Citizen as well as a minority (African American) which retains status of the Plaintiff as a member  of a protected group.  Also, in the meeting with MLP Pomaloy on 2/13/2013, Mr. Pomaloy stated in the most condescending tone ever, "I am not concerned with the boils, I am only concerned about the dot by your eye."  Mischaracterization of the issue and using the eye for "situational reframing" MLP Pomaloy was able to keep himself from providing any care whatsoever to Plaintiff for an issue which later reveals itself to be critical staph infection.  This failure to treat, diagnose, and commit multiple intentional torts finally resulted in emergency surgery and an extended stay in a hospital.

Upon Plaintiff's arrival at HSD on February 22, 2013, after his slow walk over, he saw Mr. Gidal, again.  Mr. Gidal took one look at the boil in the groinal area and said, "Ahhh Ahhh!" as if he was in pain just looking at the wound/boil.  Gidal then told Plaintiff, "pull up your pants, and lay on the bed in the room at the end of the hall."  Gidal made a series of phone calls in which he told a Lt. on duty that Plaintiff had to be rushed to the hospital, and not to call an ambulance as it would take to long to get Plaintiff necessary care.  It will be revealed later that Mr. Gidal did not believe Plaintiff was going to "make it."

Plaintiff's pain was intense, and he was unable to focus on anything.  Two (2) Corrections Officers (C.O.'s) drove him to the hospital knkown as St. Joseph Mercy Hospital in Ann Arbor, MI.  Plaintiff does not recall most of the ride and was extremely uncomfortable for the parts he does recall mainly because he had not been given any pain medication prior to the drive.  The Plaintiff's pain was at a level 10 out of 10.  Plaintiff was handcuffed for the horrbly painful ride that caused him blinding pain from the tension on the under arm area.  Uncaring or totally unaware quards (C.O.'s) then grabbed Plaintiff by his under arm area of his left arm upon arrival at the hospital making him black out periodically.  This happened a few times due to their (unknown Corrections Officers) deliberate indifference, and negligence.

Two Corrections Officers handled Plaintiff roughly, and Plaintiff blacked out on his way to "Registration" at St. Joseph Mercy Hospital.  Plaintiff was then taken to the Emergency Room to wait in a private room prior to going into emergency surgery. While in that private room with the two C.O.'s Plaintiff was placed into a robe, had his vital signs taken, and waited approximately 30-45 minutes before he was wheeled into surgery.  This surgery was all due to the gross and egregious negligence, and all the intentional torts performed by Pomaloy and Gidal.  This failure to diagnose, failure to treat a "serious medical condition" and the acquiescence and condoning of poor performance by the historically poor performing staff within federal prisons.

Poor performance by this staff which executed intentional torts caused Plaintiff's harm to be exacerbated over the period of time it took to get him from an easily resolved medical issue with antibiotics (which the HSD Staff failed to prescribe) such as boils, to critical emergency surgery as a result of that total and absolute failure and incompetence, and execution of intentional torts.

Surgery on February 22, 2013 resulted in the extraction of tennis ball size infectious cores from both areas (under arm site, as well as groinal site).

Medicated gauze was packed into the empty holes in order to allow the wound to heal from the inside, due to the staph infection which was allowed to run rampant by Pomaloy and Gidal's intentional torts, acts errors, omissions, abuse of process, deliberate indifference, and any other intentional acts not listed here due to Plaintiff not having a degree or any training in the law.

Plaintiff remained in the hospital from February 22, 2013 to February 26, 2013 due to the staph infection acting like poison in his blood stream. Plaintiff was on pain medication, antibiotics, and with a Federal Bureau of Prisons corrections officer at all times, even thoughhe is not a danger to society, nor is he an escape risk.

Plaintiff self surrendered to the Bureau of Prisons after being on bond for over four years. The handcuff on his leg caused him to not be able to roll over in the hospital bed, and also

caused pain to Plaintiff's leg.

Five days at St. Joseph Mercy Hospital caused Plaintiff to get well enough to be returned to the same care that got him so sick to begin with. HSD Staff at FCI Milan (a federal institution) had the instructions from the hospital to continue changing the gauze and packing inside the wound daily. This order was to be for a 30 day duration following the emergency surgery.

Upon Plaintiff's return, when he saw Gidal, he was told my MLP Gidal that, "I didn't think you were gonna make it." Mr. Gidal also told Plaintiff that in his opinion, Plaintiff had been in some kind of shock which could have caused death quickly. That was the reason for his expediency. The progression of the infection, which was furthered by the negligence, acts, errors, omissions, deliberate indifference, abuse of process, and deliberate indifference of Pomaloy, Gidal, the culture of HSD Staff at FCI Milan, as well as the oversight in the institution, and oversight by the United States.

For these reason stated, Plaintiff should have Summary Judgment, Final Judgment be entered against defendants. Damages include actual, punitive, aggravated, extraordinary, as well as a mutual release and settlement agreement which will be signed by the two parties upon receipt of payment in full of $1,000,000.00 payable to Emmett Buffman.

Date: 9 / 1 / 2013

Emmett Buffman, # 19368-424
FCI Milan
PO BOX 1000
Milan, MI  48160

**V.**     **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff wishes this Honorable Court to award Judgment (Final
or Summary) in the amount of $1,000,000.00 (One Million U.S.
Dollars) for actual damages, punitive damages, aggravated
damages, extraordinary damages, and any other damages that a
judge or jury could find in favor of Plaintiff for.

**VI.**    The plaintiff demands that the case be tried by a jury.   **[x]** YES    **[ ]** NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___1st___ day of ___Sept___, 20_13_

_Emmett Buff_

(Signature of plaintiff or plaintiffs)

EMMETT BUFFMAN

(Print name)

19368-424

(I.D. Number)

FCI MILAN, PO BOX 1000, Milan, MI   48160

(Address)

Revised 9/2007

**EXHIBIT 1**



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

_____

Office of Regional Counsel

400 State Avenue
Tower II, Suite 800
Kansas City, KS  66101

AUG 2 2 2013

Emmett Buffman
Register No. 19368-424
FCI Milan
P.O. Box 1000
Milan, MI  48160

Re:   Administrative Claim Number TRT-NCR-2013-03809
      Personal Injury:   $300,000.00

**CERTIFIED NUMBER 7012 3050 0001 1646 3973**

Dear Mr. Buffman:

Your above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>.   Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied.   This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>.   If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

03-28-2013


EMMETT BUFFMAN, #19368-424
FCI MILAN

      Re: Administrative Claim for Damages
      Claim #:       TRT-NCR-2013-03809        $ 300,000.00

Dear Claimant:

      This is to notify you of our receipt of your administrative claim for damages under provisions of the <u>Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq.</u>, alleging liability of the United States Government.

      Your claim was received on 03-25-2013. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until 09-24-2013.

      Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                    Sincerely,
                    Richard W. Schott
                    Regional Counsel

CERTIFICATE OF SERVICE

I, Emmett Buffman, hereby swear under penalty of perjury that on
the date below I served the court at the address below, as well
as the defendants as in forma pauperis, so as to facilitate this
court directing the U.S. Marshal Service to serve said defendant's
on behalf of this in forma pauperis defendant.

This copy to the court and to the defendants was served to the
following address by placing the copies in the mail at FCI Milan,
using the US Postal Service at that location with first class
postage:

6th Judicial District
Eastern District of Michigan
Prisoner Correspondence
Federal Building
200 East Liberty Street Room 120
Ann Arbor, MI   48104


Date: ___/ 9 /_ 13___                    Emmett Buffman
                                         19368-424

## CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 13-14024 | **Judge:** Gershwin A. Drain | **Magistrate Judge:** Mona K. Majzoub |

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br><br>EMMETT BUFFMAN | **Name of 1st Listed Defendant/Respondent:**<br><br>UNITED STATES OF AMERICA, ET AL |
| **Inmate Number:** 19368-424 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>FCI Milan<br><br>Federal Correction Institution<br>P.O. Box 1000<br>Milan, MI 48160<br>WASHTENAW COUNTY | |

**BASIS OF JURISDICTION**
- ☐ **2 U.S. Government Defendant**
- ☒ **3 Federal Question**

**NATURE OF SUIT**
- ☐ **530 Habeas Corpus**
- ☐ **540 Mandamus**
- ☒ **550 Civil Rights**
- ☐ **555 Prison Conditions**

**ORIGIN**
- ☒ **1 Original Proceeding**
- ☐ **5 Transferred from Another District Court**
- ☐ **Other:**

**FEE STATUS**
- ☒ **IFP** *In Forma Pauperis*
- ☐ **PD Paid**

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ **Yes**     ☒ **No**
   ➢ **If yes, give the following information:**

   Court: _____

   Case No: _____

   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ **Yes**          ☒ **No**
   ➢ **If yes, give the following information:**

   Court: _____

   Case No: _____

   Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases