**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EMMETT BUFFMAN,**

      **Plaintiff,**              **CIVIL ACTION NO. 13-cv-14024**

      v.                        **DISTRICT JUDGE JUDITH E. LEVY**

**UNITED STATES OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**AMERICA, et al.,**

      **Defendants.**
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY [18], PLAINTIFF'S MOTION FOR DEFENSE COUNSEL CONTACT INFORMATION [19], PLAINTIFF'S MOTION FOR EXHIBIT TO BE ATTACHED TO THIS CASE AS EVIDENCE ON THE RECORD [23], PLAINTIFF'S MOTION FOR CONVERSION OF PLAINTIFF'S STATEMENT OF FACTS TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS [24], AND PLAINTIFF'S MOTION FOR RULING AND OPINION OF THIS COURT IN REFERENCE TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS AND FILINGS [26]**

On September 19, 2013, Plaintiff Emmett Buffman, a prisoner at the Federal Correctional Institution in Milan, Michigan (FCI Milan), filed this claim against Defendants J.A. Terris, James Zestos, Restituto Pomaloy, Stephen Gidel, and William Malatinsky under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the United States of America under the Federal Tort Claims Act (FTCA) alleging "Negligence, Abuse of Process, Acts Errors, Omissions, Deliberate Indifference, and Condoning or Acquiescing to other federal employees (or each other) from doing the above cited Tort's." (*See* docket no. 1.) According to Plaintiff, Defendant Terris is the Warden at FCI Milan, Defendant Zesto is the Health Services Administrator at FCI Milan, Defendants Pomaloy and Gidel are Medical Licensed Practitioners at FCI Milan, and Defendant Malatinsky is

the Clinical Director at FCI Milan. (Docket no. 1 at 2.) Plaintiff's claims arise from the medical treatment he received for two boils on his body located underneath his left arm and in the groin area. (*See* docket no. 1.) Plaintiff seeks $1,000,000 in damages. (Docket no. 1 at 22.)

This matter comes before the Court on five motions: (1) Plaintiff's Motion for Discovery (Docket no. 18); (2) Plaintiff's Motion for Defense Counsel Contact Information (Docket no. 19); (3) Plaintiff's Motion for Exhibit to be Attached to This Case as Evidence on the Record (Docket no. 23); (4) Plaintiff's Motion for Conversion of Plaintiff's Statement of Facts to Plaintiff's Statement of Undisputed Facts (Docket no. 24); and (5) Plaintiff's Motion for Ruling and Opinion of this Court in Reference to Defendants' Response to Plaintiff's Motions and Filings (Docket no. 26).[1] Defendants responded to Plaintiff's Motion for Discovery, Motion for Exhibit to be Attached to this Case as Evidence on the Record, and Motion for Conversion of Plaintiff's Statement of Facts to Plaintiff's Statement of Undisputed Facts. (Docket no. 25.) This action has been referred to the undersigned for all pretrial purposes. (Docket no. 20.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I. Motion for Discovery [18]

Plaintiff's Motion for Discovery appears to be a discovery request filed with the Court on December 10, 2013 in an attempt to procure documents from Defendants. (Docket no. 18.) Such

---

[1]Also pending before the Court are Defendants Terris, Zestos, Pomaloy, Gidel, and Malatinsky's Motion to Dismiss (Docket no. 28), Plaintiff's Motion in Opposition to Individual Defendants' Motion to Dismiss (Docket no. 30), and Plaintiff's Motion to Replace Defendant Stephen Gidel with Bureau of Prisons Director Charles A. Samuels in Washington, DC Until Stephen Gidel (or Gidal)'s Home Address is Released to U.S. Marshal Service for Service (Docket no. 29) for which the undersigned has issued a Report and Recommendation contemporaneously with this Opinion and Order.

a filing is improper under Eastern District of Michigan Local Rule 26.2 and Federal Rule of Civil Procedure 5(d)(1). Discovery requests must be made in accordance with Federal Rules of Civil Procedure 26 through 37. *See* Fed.R.Civ.P. 26 - 37. Discovery should be served upon and responded to between the parties without court involvement unless a problem develops which requires court intervention. Here, there is no evidence that Plaintiff served discovery requests on any Defendant. Therefore, the Court will deny Plaintiff's Motion for Discovery.

## II.     Motion for Defense Counsel Contact Information [19]

Plaintiff filed a Motion for Defense Counsel Contact Information with the Court on December 13, 2013. (Docket no. 19.) Plaintiff states that this information is necessary to serve Defendants with discovery requests. (*Id.* at 1.) Defendants filed their first document with the Court in this matter, Defendants' Ex-Parte Motion for Extension of Time to Respond to Complaint, on January 13, 2014. (Docket no. 21.) Defendants served Plaintiff with a copy of this document on the same date. (*See id.* at 7.) As this document contains Defendants' counsel's name and contact information, Plaintiff has been in possession of said information since receipt of this document. Thus, the Court will deny Plaintiff's Motion for Defense Counsel Contact Information as moot.

## III.     Motion for Exhibit to be Attached to This Case as Evidence on the Record [23]

On January 29, 2014, Plaintiff filed a Motion for Exhibit to be Attached to This Case as Evidence on the Record. (Docket no. 23.) The exhibit that Plaintiff wishes to be entered into evidence is correspondence to Plaintiff from the Federal Bureau of Prisons dated March 28, 2013, and August 22, 2013, regarding his claim under the Federal Tort Claims Act. (*Id.* at 3-4.) Plaintiff, however, has already entered this correspondence into evidence by attaching it to his complaint. (*See

docket no. 1 at 23-24.) Accordingly, the Court will deny Plaintiff's Motion for Exhibit to be Attached to This Case as Evidence on the Record.

### IV. Motion for Conversion of Plaintiff's Statement of Facts to Plaintiff's Statement of Undisputed Facts [24]

On November 14, 2013, Plaintiff filed a Rule 56.1 Statement of Facts. (Docket no. 16.) Next, on December 2, 2013, Plaintiff filed an Affidavit in support of his Rule 56.1 Statement of Facts. (Docket no. 17.) Plaintiff explains that he filed these two documents upon belief "that a Statement of Facts must be filed properly with the court" and that it was necessary to file the Affidavit "in order to be in compliance with various rules of civil procedure." (Docket no. 26 at 3.) These filings are improper. The Federal Rules of Civil Procedure do not contain a "Rule 56.1" which requires parties to file a Statement of Facts with the court; nor is there any local court rule that requires such a filing. Even if the Court were to liberally construe Plaintiff's Statement of Facts and supporting affidavit as having been filed under Federal Rule of Civil Procedure 56, these filings would still be improper, as none of the parties has filed a Motion for Summary Judgment in this matter. For these reasons, the Court will strike Plaintiff's Rule 56.1 Statement of Facts and Affidavit in support of Plaintiff's Rule 56.1 Statement of Facts. Accordingly, the Court will deny Plaintiff's Motion for Conversion of Plaintiff's Statement of Facts to Plaintiff's Statement of Undisputed Facts as moot.

### V. Motion for Ruling and Opinion of this Court in Reference to Defendants' Response to Plaintiff's Motions and Filings [26]

Defendants responded to Plaintiff's Motion for Discovery, Motion for Exhibit to be Attached to This Case as Evidence on the Record, and Motion for Conversion of Plaintiff's Statement of Facts to Plaintiff's Statement of Undisputed Facts on February 11, 2014. (Docket no. 25.) Plaintiff then

filed a Motion for Ruling and Opinion of this Court in Reference to Defendants' Response to Plaintiff's Motions and Filings. (Docket no. 26.) Because the Court has ruled on Plaintiff's motions, *supra*, the Court will deny Plaintiff's instant Motion for Ruling and Opinion of this Court in Reference to Defendants' Response to Plaintiff's Motions and Filings as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Discovery [18], Motion for Defense Counsel Contact Information [19], Motion for Exhibit to be Attached to This Case as Evidence on the Record [23], Motion for Conversion of Plaintiff's Statement of Facts to Plaintiff's Statement of Undisputed Facts [24], and Motion for Ruling and Opinion of this Court in Reference to Defendants Response to Plaintiff's Motions and Filings [26] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Statement of Facts [16] and Affidavit in support of Statement of Facts [17] are stricken from the record.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: July 10, 2014         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Nicholas Seals and Counsel of Record on this date.

Dated: July 10, 2014         s/ Lisa C. Bartlett
                             Case Manager